RE: TULSA CITY CHARTER OPINION REQUEST
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF FEBRUARY 6, 1989, ASKING FOR THE ISSUANCE OF AN OFFICIAL OPINION CONSTRUING THE TERMS OF THE TULSA CITY CHARTER AND FOR AN INTERPRETATION OF STATE LAW AS IT MIGHT AFFECT THE CHARTER ELECTION THAT IS CURRENTLY SCHEDULED TO BE HELD IN TULSA NEXT WEEK. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMATIONAL LETTER. I NOTE THAT YOUR REQUEST IS SIGNED BY A NUMBER OF LEGISLATORS, AND IT IS MY UNDERSTANDING THAT THIS RESPONSE SHOULD BE DELIVERED TO YOU.
IN REVIEWING YOUR REQUEST, SEVERAL MATTERS MUST BE CONSIDERED. FIRST, THE PRECISE ISSUES THAT ARE RAISED IN YOUR LETTER HAVE BEEN RECENTLY REVIEWED BY THE TULSA COUNTY DISTRICT COURT IN THE CASE OF JACKSON V. CITY OF TULSA, NO. CJ-88-7455 (TULSA COUNTY DISTRICT COURT). ON FEBRUARY 1, 1989, THE DISTRICT COURT RULED AGAINST A GROUP OF PRIVATE CITIZENS RAISING VIRTUALLY THE SAME ISSUES THAT ARE PRESENTED IN YOUR LETTER. THAT MATTER IS STILL PENDING BEFORE THE COURT, AS THE TIME WITHIN WHICH THE PLAINTIFFS MAY LODGE AN APPEAL HAS NOT YET RUN.
AS I KNOW YOU ARE AWARE, IT HAS BEEN THE POLICY OF THE ATTORNEY GENERAL FOR MANY YEARS, AND THROUGH SEVERAL ADMINISTRATIONS, NOT TO ISSUE FORMAL OPINIONS UPON MATTERS THAT ARE PRESENTLY BEFORE THE COURTS FOR DETERMINATION. TO DO SO WOULD BE CONSIDERED AN INFRINGEMENT UPON THE PREROGATIVES OF THE COURTS, A SPECTRE THAT WITHOUT QUESTION WOULD BE PRESENT IN THIS INSTANCE GIVEN THE KNOWLEDGE THAT THE APPROPRIATE COURT OF FIRST RESORT HAS ALREADY RULED ON THE ISSUES RAISED IN YOUR LETTER. SIMILARLY, BOTH THIS ADMINISTRATION AND PAST ADMINISTRATIONS HAVE CONSISTENTLY DECLINED TO ISSUE OFFICIAL OPINIONS IMMEDIATELY PRIOR TO AN ELECTION WHERE THE OPINION MIGHT HAVE THE EFFECT OF CREATING CONFUSION AMONG THE VOTERS, AND THEREBY INTERFERE WITH THE ELECTORAL PROCESS.
ALSO, UNDER THE APPLICABLE JUDICIAL CONSTRUCTIONS OF THE POWERS OF THE ATTORNEY GENERAL, IT IS QUITE CLEAR THAT AN OPINION OF THE ATTORNEY GENERAL HAS ABSOLUTELY NO FORCE AND EFFECT IF A COURT OF COMPETENT JURISDICTION DISAGREES WITH THE ADVICE. AS MENTIONED ABOVE, A COURT OF COMPETENT JURISDICTION HAS ALREADY RULED ON THE ISSUES RAISED IN YOUR LETTER. EVEN IF THE ATTORNEY GENERAL WERE TO DISAGREE WITH THE DETERMINATION THAT HAS ALREADY BEEN RENDERED, A FINDING THAT IS NOT INTENDED IN ANY WAY TO BE INTIMATED OR INFERRED FROM THIS LETTER, THE OPINION WOULD BE AN EXERCISE IN FUTILITY.
FINALLY, I NOTE FOR YOUR INFORMATION THAT EVEN WITHOUT THE OTHER IMPEDIMENTS NOW PREVENTING THE ISSUANCE OF A FORMAL OPINION, IT WOULD SIMPLY BE IMPOSSIBLE FOR THIS OFFICE TO SATISFY YOUR REQUEST IN THE TIME FRAME YOU INDICATE. OUR RECENT STUDIES OF THE AMOUNT OF TIME THAT IS EXPENDED IN THE ISSUANCE OF A FORMAL OPINION REQUEST INDICATE THAT EVEN FOR A RELATIVELY UNCOMPLICATED, AVERAGE REQUEST, OVER 40 ATTORNEYS' HOURS ARE EXPENDED BEFORE THE FINAL PRODUCT IS FINISHED AND READY FOR PUBLICATION. YOUR REQUEST INVOLVES ISSUES THAT ARE QUITE COMPLICATED, WOULD REQUIRE A DETAILED REVIEW OF THE TULSA CITY CHARTER, AND COULD NOT BE CONSIDERED AN "AVERAGE" REQUEST. CONSIDERABLY MORE TIME THAN IS AVAILABLE WOULD BE REQUIRED TO ADEQUATELY RESPOND TO YOUR LETTER.
I CAN ONLY SUGGEST THAT IF YOU FEEL THAT THE DISTRICT JUDGE IN TULSA WAS INCORRECT IN HIS RULING IN THE JACKSON CASE, THE BEST AVAILABLE AVENUE OF RECOURSE WOULD BE FOR THE PARTIES TO APPEAL THAT RULING, AND TO ASK EITHER THE DISTRICT COURT OR THE SUPREME COURT FOR TEMPORARY INJUNCTIVE RELIEF AGAINST THE CITY, PROHIBITING IT FROM HOLDING THE ELECTION AS SCHEDULED. CERTAINLY, THIS OFFICE HAS NO POWER TO PREVENT THE HOLDING OF THE ELECTION, AND ANY HOPE BY THE PARTIES THAT SUCH IS THE CASE IS IN ERROR.
I REALIZE THAT THIS LETTER WILL NOT SATISFY YOUR DESIRES FOR THE ISSUANCE OF AN OPINION, AND REGRET THAT THIS OFFICE CANNOT ASSIST YOU AS REQUESTED. HOWEVER, I KNOW OF NO OTHER WAY TO HANDLE THIS MATTER WITHOUT VIOLATING BOTH CLEAR STATUTORY LIMITATIONS PLACED BY THE LEGISLATURE UPON THE POWER OF THE ATTORNEY GENERAL, AND THE LONGSTANDING POLICIES OF THIS OFFICE RELATING TO THE ISSUANCE OF OPINIONS.
(MICHAEL SCOTT FERN)